IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
December 12, 2000 Session

## STATE OF TENNESSEE v. DONALD CRAIG MILLER

**Direct Appeal from the Criminal Court for Davidson County**
**No. 97-D-2143      Seth Norman, Judge**

---

**No. M2000-00962-CCA-R3-CD - Filed January 18, 2001**

---

The Defendant, Donald Craig Miller, pled guilty to burglary, Class D felony, pursuant to a negotiated plea agreement wherein he was to receive a sentence of four (4) years, with the manner of the service of the sentence to be determined by the trial court following the sentencing hearing. At the sentencing hearing, the trial court accepted the four-year sentence, but ordered three and one-half years incarceration, followed by service of four years in Community Corrections in a "split-confinement" sentence. Subsequently, the Defendant filed a "Motion for Clarification of Judgment Order" which was denied by the trial court following a hearing. The Defendant filed a notice of appeal. We hold that this matter should be treated as a petition for common law writ of certiorari rather than a Rule 3, T.R.A.P. appeal, and reverse the judgment of the trial court and remand for further proceedings.

**Tenn. R. App. P. 3 Appeal as of Right; Designated as Common Law Writ of Certiorari, Tenn. Code Ann. § 27-8-101; Judgment of the Criminal Court Reversed and Remanded**

THOMAS T. WOODALL, J., delivered the opinion of the court, in which JOSEPH M. TIPTON and DAVID H. WELLES, JJ., joined.

C. Alex Meacham, LaVergne, Tennessee, for the appellant, Donald Craig Miller.

Paul G. Summers, Attorney General and Reporter; Marvin E. Clements, Jr., Assistant Attorney General; Victor S. Johnson, III, District Attorney General; Lisa Naylor, Assistant District Attorney General; and Jim Milam, Assistant District Attorney General, for the appellee, State of Tennessee.

### OPINION

On January 15, 1998, the Defendant, Donald Craig Miller, signed a "Petition to Enter Plea of Guilty" wherein it is reflected that he had reached a negotiated plea agreement with the State to plead guilty to Class D felony burglary and receive a sentence of four (4) years as a 35% Range II offender, "with sentencing hearing." It is apparent from this appellate record that the trial court was

to determine the manner of service of the sentence. This petition to accept guilty plea was signed by the defendant's attorney and the assistant district attorney in addition to the Defendant. The trial court entered an order the same date reflecting that the plea of guilty was accepted, and specifically ordered that the "petition filed herein be, and the same is, in all respects, granted."

At the conclusion of the sentencing hearing, the trial court stated as follows:

THE COURT: General, I'll tell you what I've got in mind. I've got in mind, requiring him to serve three and a half years as a range one standard offender at thirty percent, split confine it; putting him on Community Corrections after that for a period of four years, after that.

After the prosecutor pointed out that the agreement was for a Range II sentence, the trial court clarified the ruling as follows:

THE COURT: Three and a half years as a range two, and then require him to be on Community Corrections. That will keep him under our thumb for four years, and I can give him four more years if he goes and breaks in another place. That's the judgment of the Court.

The judgment order entered on February 25, 1998 reflects that Defendant pled guilty and was sentenced as a multiple thirty-five percent Range II offender and that his sentence was to be served as three (3) years, six (6) months at the CCA Workhouse in Davidson County and placement on Community Corrections for four (4) years "after serving three and a half yrs. [sic] in jail."

As a result of at least two petitions being filed to revoke Community Corrections, the Defendant, through counsel, filed on January 6, 2000, his "Motion for Clarification of Judgment Order." In this pleading, Defendant requested the court to clarify the judgment order entered February 25, 1998, and for a "correction of same as may be necessary." Defendant alleged that the order was being "erroneously interpreted." In essence, the Defendant, through counsel, argued at the hearing that the sentence was being treated as a seven-and-one-half-year sentence rather than a four-year sentence which he agreed to accept in the negotiated plea agreement.

The following colloquy occurred between the trial court and defense counsel during the hearing on the "Motion for Clarification of Judgment Order:"

THE COURT: Now, you said three and a half years, three and a half years as a range two offender and then require him to be on Community Corrections. All right. Has he served his three and a half years?

MR. MEACHAM: Well, he flattened the four years, according to the good time they gave him or whatever how they do that.

THE COURT: And in fact in this court he was to serve three and a half years and then he was on Community Corrections for four years, is what I gave to him.

MR. MEACHAM: Well, Your Honor, that's not what your statement said there. He will be in . . .

THE COURT: Three and a half years as a range two offender. And then require him to be on Community Corrections.

MR. MEACHAM: No, sir. Are you looking at the transcript or are you looking at the order?

THE COURT: I'm looking at the transcript, just as hard as I can.

MR. MEACHAM: Well, Your Honor . . .

THE COURT: Three and a half years as a range two, and then require him to be on Community Corrections.

MR. MEACHAM: Yes, sir.

THE COURT: That's what it says.

MR. MEACHAM: So that will make, keep him under our thumb for four years.

THE COURT: Yes, sir.

MR. MEACHAM: So the most he can be on Community Corrections would be six months, after the three and a half . . .

THE COURT: The way I -- he's on Community Corrections in this court for four years, and that's it. He doesn't flatten my sentence. I put him on Community Corrections. He can go out there and serve his time but he's not flattened. He is on Community Corrections here and that's all there is to it. Period.

And I have two more violations on him since the last one, I believe.

One dated fifteen December and one dated five January. Now, as far as I'm concerned we're here to hear two Community Corrections violations. And I can increase his sentenced another four years if I feel like doing it. Or if the facts justify it, not if I feel like doing it.

Now, are you ready to go forward on it, Mr. Meacham?

MR. MEACHAM: Your Honor please, I think according to my -- the interpretation here that you're not agreeing with but I think I'm right, is, and all of us must think we are right when we argue our client's case, but . . .

THE COURT: That's why we have courts, Mr. Meacham.

MR. MEACHAM: Yes, sir.

THE COURT: Usually the defense thinks they're right and the State thinks they're right. And somebody's got to decide it. And I've just decided it.

MR. MEACHAM: He's -- Your Honor please, this, the way this is being figured for him to be on Community Corrections would be seven and a half years that he would be totaled, when he agreed to serve in his plea agreement four years, total.

THE COURT: The Community Corrections statute says I can increase his sentence at anytime I feel like it, is what the Community Corrections statute says.

Now, I'm telling you right now that we are here to hear these violations of Community Corrections. I'm either going to hear them today or I will continue them to next week if you want to get ready.

But I am going to try him on a violation -- two violations of Community Corrections. And if I find he has violated the terms and conditions of his Community Corrections I can incarcerate him or I can increase his sentence. And that's where we are.

Now, I can't put it any plainer than that.

-4-

MR. MEACHAM:     Yes, sir.  Well, Your Honor, he was let out of the Community Corrections -- not the Community Corrections, but the CPA-- CCA, in July as having served all of the time he needed to serve there.  And he did not - - they did not tell him, and they, I believe Community Corrections admitted when we had a prior hearing that he was, on his violation of Community Corrections, they just said, well, he'd been in jail and it was to be time served.  So they let him -- they settled that thing that way.  And then later I filed this.

But he, uh, I believe they said Ms. Sanders, admitted they had not contacted CCA about him being on Community Corrections and so there was not -- that was in October after he left in July before they even . . .

THE COURT:     I'm going to continue the matter one week and I will hear it one week from today on the violation of Community Corrections.  That's it, period.

It's continued one week.  It will be reset next week to be heard on two violations of Community Corrections.  One week.

Initially we note that Rule 3 of the Tennessee Rules of Appellate Procedure does not provide for an appeal as of right from the denial of a "Motion for Clarification of Judgment Order."  Rather than dismissing this appeal, however, we have chosen to treat it as a petition for common law writ of certiorari pursuant to Tennessee Code Annotated section 27-8-101.  See also State v. Leath, 977 S.W.2d 132 (Tenn. Crim. App. 1998).

In its brief on appeal, the State concedes that the terms of the negotiated plea agreement limited the defendant's total sentence to four (4) years, and that the trial court sentenced defendant to a total sentence of seven (7) years and six (6) months.  The State further acknowledges that the sentence structure requiring four (4) additional years in the Community Corrections program violated the plea agreement negotiated between the Defendant and the State.  The State also correctly points out that the trial court imposed a split-confinement sentence which is unauthorized by law. As noted by the State, the trial court was legally authorized to impose a sentence of Community Corrections with a term of confinement. Tenn. Code Ann. §§ 40-36-106(e)(1); 40-36-302(b); 40-35-306.  However, split-confinement with an initial term of incarceration in excess of one year is not authorized by statute. Tenn. Code Ann. § 40-35-306(a); State v. Jimmy D. Johnson, Blount County, No. 03C01-9602-CC-00062 (Tenn. Crim. App., filed October 16, 1997, at Knoxville); State v. Carol L. Hughes, Dickson County, No. 01C01-9903-CC-00097 (Tenn. Crim. App., filed January 25, 2000, at Nashville).

Pursuant to the negotiated plea agreement accepted by the trial court in its order the date Defendant entered his plea of guilty, the maximum sentence to be imposed upon Defendant was four years. The maximum amount of time of incarceration for a sentence of split-confinement as ordered by the trial court was one year. It is indicated in the record that the Defendant served much more than one year in the Davidson County Workhouse. As stated above, the four-year sentence could be ordered to be served in the Community Corrections program, with split-confinement, again, not to exceed one year incarceration.

## CONCLUSION

It is clear from the appellate record that the judgment order entered February 25, 1998 imposed an unauthorized and unlawful sentence, i.e. incarceration in excess of one year on a split-confinement sentence. At the hearing on Defendant's "Motion to Clarify Judgment Order," the trial court declined to rectify the situation presented. Accordingly, this matter is treated as a petition for writ of certiorari and the order of the trial court in denying the "Motion to Clarify Judgment Order" is reversed. We hereby amend the judgment to reflect a sentence of four (4) years as a Range II, 35% offender with the sentence to be served in the Community Corrections program, including a "split-confinement" service of the sentence with one year incarceration in the Davidson County Workhouse. Taking the clear intent of the trial court in deciding the manner of service of the sentence, along with the dictates of the applicable statutes, this is the only sentence that could be imposed upon Defendant. It may well be that the Defendant has served most, if not all, of the four-year sentence at the time this opinion is filed. However, from the record presented on appeal, we are unable to make that determination, and in any event that is a determination to be made by the Department of Correction. This matter is remanded to the trial court for any other proceedings necessary consistent with this opinion.

_____
THOMAS T. WOODALL, JUDGE